**Mamoun Mohammad AL BAJAH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72491.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.[*]

Filed Feb. 19, 2009.

Alan R. Diamante, Law Offices of Alan R. Diamante, Los Angeles, CA, for Petitioner.

John Blakeley, Senior Litigation Counsel, Aviva Poczter, Senior Litigation Counsel, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Mamoun Mohammed Al Bajah petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's order denying his motion to reopen proceedings conducted *in absentia* in 1993. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny the petition for review.

The BIA denied Al Bajah's motion to reopen as untimely because it was not filed within the 180 day deadline. *See* 8 C.F.R. § 1003.23(b)(4)(iii). Al Bajah contends that he is entitled to equitable tolling of the deadline due to ineffective assistance he received from an immigration consultant who was not an attorney. Specifically, Al Bajah states that the consultant advised him not to attend his 1993 immigration hearing and did not keep him apprised of the status of his case. Al Bajah states that he looked for the consultant later that year, but was unable to find him. He did not hire a lawyer to look into his immigration status until 2001.

Equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the

petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d at 897. To the extent that the consultant provided him with ineffective assistance, Al Bajah has not shown that he acted with due diligence in discovering the error. Nearly 14 years passed from the date he was ordered removed in absentia and the time he filed the motion to reopen with the Immigration Judge. Al Bajah's explanations as to why he did not discover that he had been ordered deported until sometime in 2006 are unpersuasive. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen as untimely.

The temporary stay of deportation shall remain in effect until issuance of the mandate.

## PETITION FOR REVIEW DENIED.

PREGERSON, Circuit Judge, dissenting:

I dissent. This is but one of a multitude of similar sad cases by which our government's deportation of undocumented parents results in the deportation of their American-born citizen children, and effectively denies those children their birthrights. *See Cerrillo–Perez v. INS*, 809 F.2d 1419, 1426–27 (9th Cir.1987) (Requiring the government to conduct individualized analyses of hardships to U.S. citizen children). Our government's conduct forces U.S. citizen children to accept de facto expulsion from their native land or give up their constitutionally protected right to remain with their parents. *See, e.g., Moore v. City of E. Cleveland*, 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

To make matters worse, our Byzantine immigration laws and administrative regulations are second or third in complexity to the Internal Revenue Code. Petitioners seeking to legalize their presence are often forced to navigate this legal labyrinth alone, or with inadequate representation. In the vast majority of immigration cases before us, those who attempt to establish a productive life in this country fall prey to unscrupulous networks of notarios and appearance lawyers who constantly cheat immigrant clients and their families out of their hard-earned money. This state of affairs is a national disgrace, of which our government is well aware.

I hope and pray that soon the good men and women who run our government will craft a system that will assure that applicants like Petitioner are represented by competent counsel in every case, and that they will ameliorate the plight of families like Petitioner's and give us humane laws that will not cause families to disintegrate.